IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DAVE W. SHINGLES, JR.                                              PLAINTIFF

VS.                                                                         NO.3:21CV028-SA-JMV

BRIAN ROSENBERG, Individually and
CITY OF SOUTHAVEN, MISSISSIPPI                                   DEFENDANTS

## ORDER COMPELLING DISCOVERY

This matter is before the Court on the motion [27] to compel filed by Defendants Bryan Rosenberg and the City of Southaven, Mississippi pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.[1] The Court, by email notice to counsel for the parties on November 8, 2021, advised that the Court intended to consider the motion on an expedited basis in view of the impending discovery deadline (December 3, 2021), and directed Plaintiff to file a response no later than November 10, 2021. No response has been filed by Plaintiff as of this writing. Accordingly, the Court is ready to rule.

Defendants aver that on June 15, 2021, they propounded interrogatories and requests for production of documents to Plaintiff and that Plaintiff failed to respond although Rules 33(b)(3) and 34(d) of the Federal Rules of Civil Procedure required Plaintiff to serve written responses within 30 days of service. Defendants further state that despite attempts to obtain responses from Plaintiff via several communications with Plaintiff's counsel, no responses have been served. Defendants contend that "[d]ue to Plaintiff's failure to respond, Defendants, Bryan Rosenberg and City of Southaven, Mississippi, are entitled to an order compelling Plaintiff to respond to the written discovery, fully and without objection." Because Plaintiff has failed to timely respond to the instant motion, the Court agrees with Defendants. Accordingly, Plaintiff should be directed to respond to Defendants' interrogatories and requests for production with all objections, except

---

[1] Defendants also cite "Uniform Local Rule 4.03C" as authority supporting the instant motion. The Court is unaware of such authority.

as to attorney-client privilege and work product, being deemed waived. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Therefore,

    IT IS ORDERED:

That within seven (7) days of this date, Plaintiff shall serve full and complete responses to Defendants' interrogatories and requests for production and produce all responsive documents consistent with the findings above.

    SIGNED THIS 16TH DAY OF NOVEMBER, 2021.

                                                       **/s/ Jane M. Virden**
                                                       **U.S. MAGISTRATE JUDGE**